# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CALVIN BOSWELL,

    Movant,

v.                            Case No. 2:16-cv-05729
                               Criminal Case No. 2:13-cr-00117

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court is Movant Calvin Boswell's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 70), and motion for leave to file a supplemental memorandum in support of the § 2255 motion, (ECF No. 77), as well as Respondent's motion to withdraw the referral of this case to the undersigned and stay the action, (ECF No. 79). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition ("PF&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned **FINDS** that Movant's motion is untimely under 28 U.S.C. § 2255(f); therefore, the undersigned respectfully **RECOMMENDS** that the § 2255 motion be **DENIED** as untimely; the motion for leave to file a supplemental memorandum and motion to stay be **DENIED** as moot;

1

and this matter be **DISMISSED** from the docket of the Court.

I. <u>**Discussion**</u>

On October 17, 2013, Movant pled guilty and was convicted in this Court of numerous counts of distribution of cocaine base in violation of federal law. (ECF Nos. 63, 64).[1] Upon determining that Movant had previous felony convictions for burglary and conspiracy with intent to deliver cocaine, the Court sentenced Movant using the career offender provisions set forth in §4B1.1 of the United States Sentencing Guidelines ("the Guidelines"). (ECF Nos. 65; 66 at 9, 12). Under the relevant Guidelines, a defendant convicted of a controlled substance or crime of violence offense could receive an increased sentence as a career offender if he had two prior felony convictions for a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. A "crime of violence" was defined as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

*Id.* at § 4B1.2(a) (emphasis added). The italicized portion of the above-quoted definition is known as a residual clause.

Movant did not pursue a direct appeal following his conviction. Over two years later, on June 24, 2016, Movant filed the instant motion under § 2255, challenging the

---

[1] The citations in this PF&R reference the docket entries in Movant's criminal case, *U.S. v. Boswell*, No. 2:13-cr-00117.

constitutionality of his sentence. Movant argues that he no longer meets the criteria of the career offender enhancement, because his predicate conviction for burglary no longer qualifies as a crime of violence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 70).

In *Johnson*, the Supreme Court considered a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), under which a person could receive more severe punishment as an armed career criminal if the person had at least three prior "violent felony" convictions. *Johnson,* 135 S. Ct. at 2555. As defined in the ACCA, the term "violent felony" included any crime punishable by imprisonment for a term exceeding one year that "otherwise involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). The Supreme Court found that the catchall definition of "violent felony" contained in the ACCA's residual clause was unconstitutionally vague because it left too much uncertainty as to what acts and crimes would qualify as violent felonies. *Id.* at 2557-58. Therefore, the Supreme Court found that imposing an enhanced sentence by using the residual clause of the ACCA violated the Constitution's guarantee of due process. *Id.* at 2563.

In this case, Movant does not argue that he was sentenced as a career offender under the residual clause in the ACCA. Rather, Movant contends that the holding in *Johnson* extends to his case because he was sentenced under the identically-worded residual clause in the Guidelines. (ECF No. 70 at 2). Implicitly acknowledging the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations on § 2255 motions, Movant asserts that his § 2255 petition—although filed more than two years after his judgment of conviction became final—is timely because it was filed within one year of the Supreme Court's decision in *Johnson,* a

ruling which purportedly established a "newly recognized right" that is "retroactively applicable to cases on collateral review." (ECF No. 70 at 3) (referencing 28 U.S.C. § 2255(f)(3)).[2] Movant sought leave to file a supplemental memorandum elaborating on his argument that he is entitled to relief under *Johnson*. (ECF No. 77). Shortly thereafter, Respondent sought to stay this matter pending resolution of the case *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Supreme Court was asked to examine the constitutionality of the career offender residual clause in the Guidelines given the *Johnson* decision striking down the same clause in the ACCA. (ECF No. 79).

Subsequent to the above filings, the Supreme Court issued its decision in *Beckles*, finding that the residual clause in the Guidelines was not unconstitutionally vague. *Beckles*, 137 S. Ct. at 892. The Court explained that "[u]nlike the ACCA … the advisory Guidelines do not fix the permissible range of sentences." *Id*. Rather, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. As such, the Court found that "the Guidelines are not subject to a vagueness challenge under the Due Process clause" and "[t]he residual clause in §4B1.2(a)(2) therefore is not void for vagueness." *Id*.

In light of the Supreme Court's decision in *Beckles*, Movant does not show that his motion is timely under 28 U.S.C. § 2255(f). Movant relies on *Johnson* to create a "newly recognized right" that allows him to file this § 2255 motion more than two years

---

[2] Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

after his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(3). However, the *Beckles* decision establishes that *Johnson* does not extend to defendants sentenced under the residual clause in the advisory Guidelines. Given the fact that Movant's motion does not meet any provision of § 2255(f), and he offers no other basis upon which the Court can conclude that the motion is timely, the undersigned **FINDS** that Movant's motion is untimely and must be dismissed.

Further, the undersigned notes that Movant's requested relief is likely moot because he was released from incarceration on October 11, 2017 and is serving a term of supervised release. *See* Federal Bureau of Prisons Inmate Locator available at https://www.bop.gov/inmateloc. Movant is not challenging his conviction in this § 2255 motion, but seeking to be re-sentenced without the career offender designation. In this case, it does not appear that removing the career offender designation would alter Movant's remaining sentence, as his term of supervised release was based upon the offenses that he committed, not his career offender status. (ECF No. 66 at 16); *see, e.g., Johnson v. United States*, No. 5:06-CR-00094, 2011 WL 3494740, at *1 (S.D.W. Va. Aug. 10, 2011).

## II. <u>Proposal and Recommendations</u>

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, (ECF No. 70), be **DENIED** as untimely; the motions for leave to file a supplemental brief and to stay the action, (ECF Nos. 77, 79), be **DENIED** as moot; and that this action be **DISMISSED,** with prejudice, and removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (for filing of objections) and three days (if PF&R is received by mail) from the date of filing this PF&R within which to file with the Clerk of this Court, specific written objections, identifying the portions of the PF&R to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Movant, Respondent, and counsel of record.

**FILED:** December 15, 2017

Cheryl A. Eifert
United States Magistrate Judge